IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA KASELITZ, an individual; and MELISSA KASELITZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HISOFT TECHNOLOGY INTERNATIONAL, LTD., a Cayman Islands exempt company; and TIAK KOON LOH, an individual, <br><br> Defendants. | No. C-12-5760 MMC <br><br> **ORDER AFFORDING PLAINTIFFS LEAVE TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT HISOFT TECHNOLOGY INTERNATIONAL, INC.'S MOTION TO DISMISS OR STAY CLAIMS** |

Before the Court is defendant hiSoft Technology International, Ltd.'s ("hiSoft Technology") Motion to Dismiss or Stay Claims, filed November 19, 2012. Plaintiffs Alana Kaselitz and Melissa Kaselitz have filed opposition, to which hiSoft Technology has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons set forth below, finds it appropriate to afford plaintiffs the opportunity to file a surreply to address a new argument made in hiSoft's Technology's reply.

In its moving papers, hiSoft Technology argues that each plaintiff agreed to arbitrate certain claims under a provision included in an employment agreement governing plaintiffs' employment with hiSoft Envisage, Inc. ("hiSoft Envisage"). (See Compl. Exs. D, F.) hiSoft Envisage is not a party to the instant action, and hiSoft Technology, in its moving papers,

does not discuss its standing to enforce the arbitration provisions nor did it submit a copy of the agreements or any provision contained therein.  In their opposition, plaintiffs submit copies of the employment agreements, including the arbitration provisions (see Alana Kaselitz Decl. Ex. A; Melissa Kaselitz Decl. Ex. A), and argue, inter alia, that hiSoft Technology is not a party to the employment agreements and that the arbitration provisions thus do not apply to the claims alleged in the instant action.  In its reply, hiSoft Technology argues it can enforce the arbitration provisions because the employment agreements identify the employer as "the Company," which "Company" is further defined to include "affiliates" of hiSoft Envisage; it points out that the California Corporations Code defines "affiliate" to include a "parent," see Cal. Corp. Code §§ 150, 175, and submits evidence that hiSoft Envisage is a wholly-owned subsidiary of hiSoft Technology.

Because plaintiffs have not had an opportunity to respond to the above-referenced new argument and evidence, the Court finds it appropriate to afford plaintiffs an opportunity to do so.

Accordingly, the Court sets the following schedule:

1.  No later than January 18, 2013, plaintiffs shall file any surreply, not to exceed seven pages in length, exclusive of exhibits, and limited to the issue of hiSoft Technology's standing to enforce the arbitration provisions in the employment agreements.

2.  The hearing on hiSoft's Technology's motion is hereby CONTINUED from January 18, 2013 to February 1, 2013, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  January 4, 2013

_____
MAXINE M. CHESNEY
United States District Judge