IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA KASELITZ, an individual; and MELISSA KASELITZ, an individual,<br><br>　　　　Plaintiffs,<br>　v.<br><br>HISOFT TECHNOLOGY INTERNATIONAL, LTD., a Cayman Islands exempt company; and TIAK KOON LOH, an individual,<br><br>　　　　Defendants.　　　　　　　　　／ | No. C-12-5760 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD; GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD; DIRECTIONS TO CLERK** |

　　　Before the Court are two motions:  (1) plaintiffs Alana Kaselitz and Melissa Kaselitz' "Motion to Vacate Arbitration Award in Part," filed January 8, 2016; and (2) defendant hiSoft Technology International, Ltd.'s "Motion to Confirm Arbitration Award," filed January 8, 2016.[1]  Both motions have been full briefed.  Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for February 26, 2016, and rules as follows.

　　　1.  Plaintiffs have failed to show they are entitled to reconsideration of the Court's order of February 15, 2013, by which order the Court granted defendant's motion to compel

---

[1] A second defendant, Tiak Koon Loh, was dismissed from the above-titled action pursuant to Rule 41(a)(1)(A)(ii) by stipulation of the parties filed December 6, 2014.

1  arbitration.  Although, as plaintiffs point out, reconsideration may be based on a "change in
2  law," see Civil L.R. 7-9(b) (setting forth grounds upon which party may base motion for
3  leave to file motion for reconsideration), plaintiffs' citation to UFCW & Employers Benefit
4  Trust v. Sutter Health, 241 Cal. App. 4th 909 (2015),[2] is misplaced, as plaintiffs fail to show
5  any such change addressed therein is applicable to the instant case.

6        2.  Plaintiffs have failed to show the arbitrator exceeded his powers in requiring
7  plaintiffs, as the non-prevailing parties, to bear the cost of the arbitrator's compensation.
8  (See Goldsmith Decl. Ex. 2 § 12.B (arbitration agreement providing "arbitrator shall award
9  . . . costs to the prevailing party").)  Although the arbitration agreement requires defendant
10 to pay "any administrative or hearing fees charged by the arbitrator or AAA" (see id.), the
11 terms "administrative fees" and "hearing fees," as defined in the applicable arbitration rules,
12 do not include the cost of the arbitrator's compensation (see id. Ex. 21 at 33-34, 35); see
13 also Gueyffier v. Ann Summers, Ltd., 43 Cal. 4th 1179, 1184 (2008) (holding arbitrator's
14 resolution of "any question of contract interpretation" is non-reviewable by court, subject to
15 exception that arbitrator may not award remedy "expressly forbidden by the arbitration
16 agreement or submission").

17       3.  Plaintiffs have failed to show the arbitrator erred in not addressing, upon his
18 finding plaintiffs were not entitled to receive the "full earnout payment" available under the
19 Amended Stock Purchase Agreement ("Amended SPA"), whether they nonetheless were
20 "entitled to [a] reduced earnout payment."  (See Pls.' Mot. to Vacate at 2:13-17.)  Although
21 an arbitrator must make a "determination of all the questions submitted" to him, see Cal.
22 Civ. Proc. Code § 1283.4, plaintiffs did not at any time prior to issuance of the arbitrator's
23 Final Award argue to the arbitrator their entitlement to a reduced payment.  (See Goldsmith

---

[2] The parties' arbitration agreement provides that any arbitration will be conducted "under the arbitration rules set forth in the California Code of Civil Procedure Section 1280 through 1294.2."  (See Goldsmith Decl. Ex. 2 § 12.A.)  Accordingly, as parties to an arbitration agreement may, as here, agree to "abide by state rules of arbitration," see Volt Information Sciences, Inc. v. Board of Trustees, 489 U.S. 468, 479 (1989), the Court applies California law.  The Court notes, however, that neither party has suggested any conflict exists between federal and state law with respect to the issues presented by the instant motions.

Decl. Ex. 11 (Claimants' Trial Brief) at 1:10-24, 5:5-12, 6:26-7:9, 7:23-25, 8:19-28 (arguing plaintiffs' entitlement to full payment; making no argument in support of, or reference to, entitlement to reduced payment)); (see id. Ex. 13 (Claimants' Post-Arbitration Hearing Brief) at 1:10-24, 4:1-6, 10:9-22, 29:22-30:5, 41:12-14, 51:1-52:2 (same)).[3]

4. As plaintiffs have failed to show the existence of any ground on which the Arbitration Award should be vacated or corrected, defendant is entitled to an order confirming said award in its entirety, and the Clerk will be directed to enter judgment thereon. See Cal. Code Civ. Proc. § 1287.4 (providing "[i]f an award is confirmed, judgment shall be entered in conformity therewith").

**CONCLUSION**

For the reasons stated above:

1. Plaintiffs' motion to vacate the arbitration award is hereby DENIED;

2. Defendant's motion to confirm the arbitration award is hereby GRANTED; and

3. The Clerk of Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

Dated:  February 19, 2016

MAXINE M. CHESNEY
United States District Judge

---

[3]To the extent plaintiffs, in the alternative, argue that the arbitrator did consider their claim to a partial payout and erroneously denied it based on a misinterpretation of the parties' Amended SPA (see Pls.' Opp. to Def.'s Mot. to Confirm at 17:26-27), such argument is unavailing, as, even assuming the arbitrator so erred, such error is not grounds to vacate the award. See Gueyffier, 43 Cal. 4th at 1184-85.

3