United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALANA KASELITZ, an individual; and
MELISSA KASELITZ, an individual,

          Plaintiffs,

   v.

HISOFT TECHNOLOGY INTERNATIONAL,
LTD., a Cayman Islands exempt company;
and TIAK KOON LOH, an individual,

          Defendants.
_____/

No. C-12-5760 MMC

**AMENDED\* ORDER DENYING
PLAINTIFFS' MOTION TO VACATE
ARBITRATION AWARD; GRANTING
DEFENDANT'S MOTION TO CONFIRM
ARBITRATION AWARD; DIRECTIONS
TO CLERK**

Before the Court are two motions:  (1) plaintiffs Alana Kaselitz and Melissa Kaselitz'

"Motion to Vacate Arbitration Award in Part," filed January 8, 2016; and (2) defendant hiSoft

Technology International, Ltd.'s "Motion to Confirm Arbitration Award," filed January 8,

2016.[1]  Both motions have been full briefed.  Having read and considered the papers filed

in support of and in opposition to the motions, the Court deems the matters suitable for

determination on the parties' respective written submissions, VACATES the hearing

scheduled for February 26, 2016, and rules as follows.

1.  Plaintiffs have failed to show they are entitled to reconsideration of the Court's

order of February 15, 2013, by which order the Court granted defendant's motion to

_____

[1]A second defendant, Tiak Koon Loh, was dismissed from the above-titled action
pursuant to Rule 41(a)(1)(A)(ii) by stipulation of the parties filed December 6, 2014.

\*The sole amendment is the inclusion of the sentence on page 3, lines 9-11.

compel arbitration.  Although, as plaintiffs point out, reconsideration may be based on a "change in law," see Civil L.R. 7-9(b) (setting forth grounds upon which party may base motion for leave to file motion for reconsideration), plaintiffs' citation to UFCW & Employers Benefit Trust v. Sutter Health, 241 Cal. App. 4th 909 (2015),[2] is misplaced, as plaintiffs fail to show any such change addressed therein is applicable to the instant case.

2.  Plaintiffs have failed to show the arbitrator exceeded his powers in requiring plaintiffs, as the non-prevailing parties, to bear the cost of the arbitrator's compensation. (See Goldsmith Decl. Ex. 2 § 12.B (arbitration agreement providing "arbitrator shall award . . . costs to the prevailing party").)  Although the arbitration agreement requires defendant to pay "any administrative or hearing fees charged by the arbitrator or AAA" (see id.), the terms "administrative fees" and "hearing fees," as defined in the applicable arbitration rules, do not include the cost of the arbitrator's compensation (see id. Ex. 21 at 33-34, 35); see also Gueyffier v. Ann Summers, Ltd., 43 Cal. 4th 1179, 1184 (2008) (holding arbitrator's resolution of "any question of contract interpretation" is non-reviewable by court, subject to exception that arbitrator may not award remedy "expressly forbidden by the arbitration agreement or submission").

3.  Plaintiffs have failed to show the arbitrator erred in not addressing, upon his finding plaintiffs were not entitled to receive the "full earnout payment" available under the Amended Stock Purchase Agreement ("Amended SPA"), whether they nonetheless were "entitled to [a] reduced earnout payment."  (See Pls.' Mot. to Vacate at 2:13-17.)  Although an arbitrator must make a "determination of all the questions submitted" to him, see Cal. Civ. Proc. Code § 1283.4, plaintiffs did not at any time prior to issuance of the arbitrator's Final Award argue to the arbitrator their entitlement to a reduced payment.  (See Goldsmith

---

[2]The parties' arbitration agreement provides that any arbitration will be conducted "under the arbitration rules set forth in the California Code of Civil Procedure Section 1280 through 1294.2."  (See Goldsmith Decl. Ex. 2 § 12.A.)  Accordingly, as parties to an arbitration agreement may, as here, agree to "abide by state rules of arbitration," see Volt Information Sciences, Inc. v. Board of Trustees, 489 U.S. 468, 479 (1989), the Court applies California law.  The Court notes, however, that neither party has suggested any conflict exists between federal and state law with respect to the issues presented by the instant motions.

1    Decl. Ex. 11 (Claimants' Trial Brief) at 1:10-24, 5:5-12, 6:26-7:9, 7:23-25, 8:19-28 (arguing

2    plaintiffs' entitlement to full payment; making no argument in support of, or reference to,

3    entitlement to reduced payment)); (see id. Ex. 13 (Claimants' Post-Arbitration Hearing

4    Brief) at 1:10-24, 4:1-6, 10:9-22, 29:22-30:5, 41:12-14, 51:1-52:2 (same)).[3]

5         4.  As plaintiffs have failed to show the existence of any ground on which the

6    Arbitration Award should be vacated or corrected, defendant is entitled to an order

7    confirming said award in its entirety, and the Clerk will be directed to enter judgment

8    thereon.  See Cal. Code Civ. Proc. § 1287.4 (providing "[i]f an award is confirmed,

9    judgment shall be entered in conformity therewith").  Specifically, judgment shall be entered

10   in favor of defendant in the amount of $1,829,296.46, of which $57,236.63 is the joint

11   obligation of plaintiffs and their former counsel Ted C. Lindquist III.

12                                        **CONCLUSION**

13        For the reasons stated above:

14        1.  Plaintiffs' motion to vacate the arbitration award is hereby DENIED;

15        2.  Defendant's motion to confirm the arbitration award is hereby GRANTED; and

16        3.  The Clerk of Court is directed to enter judgment in favor of defendant.

17        **IT IS SO ORDERED.**

18

19   Dated:  March 24, 2016

20                                                   MAXINE M. CHESNEY
                                                     United States District Judge

21

22

23

24

25

26        [3]To the extent plaintiffs, in the alternative, argue that the arbitrator did consider their
     claim to a partial payout and erroneously denied it based on a misinterpretation of the
27   parties' Amended SPA (see Pls.' Opp. to Def.'s Mot. to Confirm at 17:26-27), such
     argument is unavailing, as, even assuming the arbitrator so erred, such error is not grounds
28   to vacate the award.  See Gueyffier, 43 Cal. 4th at 1184-85.

                                             3